SAMUEL C. KAUFFMAN, OSB #94352
GARVEY SCHUBERT BARER
Eleventh Floor
121 SW Morrison St.
Portland, OR 97204
Telephone: (503) 228-3939
Facsimile: (503) 226-0259
Email: skauffman@gsblaw.com

    Attorneys for Defendant
    Moises Lopez-Prado

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>v.<br><br>**MOISES LOPEZ-PRADO,**<br><br>    Defendant. | **Case No. 3:10-cr-510-JO**<br><br>**DEFENDANT'S MEMORANDUM OF LAW RE MOTION TO DETERMINE COMPETENCY** |

    Defendant, Moises Lopez-Prado, through counsel, Samuel C. Kauffman, hereby provides the following memorandum of law to assist the Court with its determination of whether Mr. Lopez-Prado is competent pursuant to 18 U.S.C. §4241(a).

### Procedural Background

    On July 24, 2012, counsel for Mr. Lopez-Prado filed a Motion to Determine Competency

**DEFENDANT'S MEMORANDUM OF LAW RE MOTION TO DETERMINE COMPETENCY**

Page 1

of Defendant pursuant to 18 U.S.C. §4241(b) (Dkt. No. 64) along with the under seal Declaration of Counsel explaining the reasons for the motion. The government then filed a Motion for Competency Evaluation of Defendant pursuant to 18 U.S.C. §§4241(b) and (c). The Court granted the motion and ordered that Mr. Lopez-Prado be committed to the custody of the Attorney General for a psychological evaluation. (Dkt. No. 73) Following that commitment and evaluation, the Court scheduled a competency hearing at which the psychologists employed by both the government and defense will testify.

## Legal Principles

Due process categorically prohibits subjecting a defendant who is mentally incompetent to criminal trial. *Drope v. Missouri,* 420 U.S. 162, 171-72 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subject to trial."); *Massey v. Moore*, 348 U.S. 105, 108-09 (1954) ("The requirement of the 14th Amendment is for a fair trial. No trial can be fair that leaves the defense to a man who is insane . . . and who by reason of his mental condition stands helpless and alone before the court.").

The Supreme Court has set the legal standard for mental competency in the trial portion of the criminal process. A defendant is mentally incompetent to stand trial if he suffers from a mental disease or defect which impairs his (1) "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or leaves him lacking (2) a "rational as well as factual understanding" of both the charges against him and the nature of the judicial proceedings. *Dusky v. United States,* 362 U.S. 402, 402 (1960) (per curiam). A defendant must satisfy both prongs in order to be mentally competent to stand trial. The *Dusky* standard was codified at 18 U.S.C. § 4241(a), which provides that an individual is mentally incompetent to stand trial if he suffers from a mental disease or defect which makes him (1) unable to

understand the nature and consequences of the legal proceedings against him; or (2) unable to assist properly in his defense.

The government has the burden of demonstrating by a preponderance of the evidence that the defendant is competent to stand trial. *United States v. Hoskie*, 950 F.2d 1388, 1392 (9th Cir. 1990).

In *Hoskie*, both the defense and government psychologists agreed that the defendant was "mildly mentally retarded" with an IQ of approximately 62-65. The District Court had found Hoskie competent to proceed to trial. *Id*. at 1389. On appeal, the Ninth Circuit noted that the "principle concern" in the competency analysis was whether the defendant "could comprehend and retain explanations of the judicial process so as to participate effectively in his trial." *Id.* The Court noted that in making a competency inquiry with respect to a defendant with low intelligence, special emphasis should be placed on a defendant's verbal intelligence:

> …the trial process is essentially verbal in nature and is saturated with cultural constructs. A test which eliminates verbal and cultural bias is, therefore, not a good predictor of Hoskie's ability rationally and factually to comprehend the trial process.

*Id*. at 1393.

Further the Court noted that a defendant's ability to articulate a basic understanding of the concept of punishment or the basic functions of defense counsel after these concepts have been explained to him are an "insufficient basis for concluding that he has a rational and factual understanding of the trial process and an ability to consult with his lawyer and assist in his defense." *Id*.

Finally, the Court noted the defendant's ability to function on a daily basis should not necessarily lead to a conclusion that the defendant is competent: "We are not persuaded that evidence of basic functioning and ability to undertake mechanical tasks correlates in a meaningful way with a defendant's ability to factually and rationally understand the judicial

process and consult with his lawyer." *Id*.

## Conclusion

To assist with the Court's competency determination in this case, counsel submits herewith under seal, the report of Psychologist Les Goldmann, PhD and a declaration of counsel.

DATED this 22nd day of January, 2013.

                                        GARVEY SCHUBERT BARER

                                      By  */s/ Samuel C. Kauffman*
                                                Samuel C. Kauffman, OSB #94352
                                                Telephone: (503) 228-3939
                                                Email: skauffman@gsblaw.com
                                                Attorneys for Defendant
                                                Moises Lopez-Prado

PDX_DOCS:496107.1 [38288.00100]