S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**THOMAS H. EDMONDS, OSB #90255**
Assistant United States Attorney
Tom.Edmonds@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1105
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:10-CR-00510-JO** |
| **v.** | **GOVERNMENT'S MEMORANDUM OF LAW RE COMPETENCY OF THE DEFENDANT** |
| **MOISES LOPEZ-PRADO,** | |
| **Defendant.** | |

The United States of America, by and through S. Amanda Marshall, United States

Attorney, and Thomas H. Edmonds, Assistant United States Attorney, hereby sets forth a

memorandum of law, applying to the hearing this court will conduct regarding defendant's

competency to proceed.

### INTRODUCTION

The defendant has moved the court to determine competency pursuant to 18 U.S.C. §

4241 (b). CR 64. Defendant was evaluated by his own psychologist, Les Goldmann, Ph.D., in

support of that motion.  The government then moved for evaluation, pursuant to 18 U.S.C. §

4241 (b) and (c).  This court ordered defendant's commitment for psychological evaluation. CR

73. On December 13, 2012, Tiffany K. Brown, Psy.D., *see* Gov. Ex. 1 (CV of Dr. Brown),

provided her report to the court and the parties. *See* Gov. Ex 2 (report)[1]. The court will conduct

a hearing of this matter on January 23, 2013, at 1:30 p.m.

### STANDARDS

A. Standard of Proof

Under 18 U.S.C. §4241(d), the Court evaluates the proof offered under a preponderance

standard; thus, defendant Lopez-Prado is competent to proceed unless this Court finds by a

preponderance of the evidence that he suffers from a current mental illness which prevents him

from being able to consult with his lawyer and assist in his defense.

B. Burden of Proof

The United States Supreme Court has indicated that the criminal defendant bears the

burden of proof on this question. *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996). Prior to

1996, the law in the Ninth Circuit was that the government bore the burden of proof in a

competency hearing. *See United States v. Chischilly*, 30 F.3d 1144, 1150 (9th Cir. 1994);

*United States v. Hoskie*, 950 F.2d 1388, 1392 (9th Cir. 1991) (citing cases). In 1996, however,

the United States Supreme Court decided *Cooper.* In considering the standard of proof for

determining a defendant's competency under an Oklahoma state law, the Court stated:

"Congress has directed that the accused in a federal prosecution must prove incompetence by a

preponderance of the evidence." 517 U.S. at 362 (citing to 18 U.S.C. § 4241).  Thus, defendant

Lopez-Prado bears the burden of establishing incompetency.

---

[1] Exhibits to be advanced to the court at time of hearing and offered into evidence.

**GOVERNMENT'S MEMORANDUM**
**OF LAW RE COMPETENCY OF THE DEFENDANT**                         pg. 2

C.  Legal Standard

The statutory test for competency to stand trial is whether the defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d); *Cooper v. Oklahoma*, 517 U.S. at 354 (test is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him."); *Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial"); *Dusky v. United States,* 362 U.S. 402, 402 (1960) (*per curiam*) (the test for competency "must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him"); *Miles v. Stainer*, 108 F.3d, 1109, 1112 (9th Cir. 1997) ("Competence is defined as the ability to understand the proceedings and to assist counsel in preparing a defense."); *see* 18 U.S.C. § 4241(a). "In performing its fact-finding and credibility functions, a district court is free to assign greater weight to the findings of experts produced by the Government than to the opposing opinions of the medical witnesses produced by the defendant." *United States v. Frank*, 956 F.2d 872, 875 (9th Cir.1992).

D.  Government's Evidence

The government will call Dr. Tiffany Brown, who will testify to the matters and opinion

rendered in her December 13, 2012, report.  The government notes that her report is an

exhaustively thorough accounting of this defendant's competency.  Of particular note will be the

contrast between the testing mechanisms used by Dr. Brown as compared with those utilized by

Dr. Les Goldmann, the defense witness. Also of note is the contrast between defendant's

performance on certain tests and his self-reported history/observations made of defendant while

under examination the Bureau of Prison facility in Los Angeles.


Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney


*s/ Thomas H. Edmonds*
THOMAS H. EDMONDS, OSB #90255
Assistant United States Attorney
(503)727-1000


**GOVERNMENT'S MEMORANDUM**
**OF LAW RE COMPETENCY OF THE DEFENDANT**                          pg. 4