IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,  　　　　　　　　　3:10-CR-00510-JO

v.

MOISES LOPEZ-PRADO,
JOSE TEXCO HILARIO, and
ALEJANDRO ARROYO-LOPEZ,

PRELIMINARY ORDER OF
FORFEITURE AND FINAL ORDER
OF FORFEITURE AS TO
DEFENDANT MOISES
LOPEZ-PRADO

Defendants.

Defendant, Moises Lopez-Prado, entered into a plea agreement and pleaded guilty to Count 1 of the Superseding Indictment.

Accordingly, it is ORDERED:

1. Based upon the defendant, Moises Lopez-Prado's, plea of guilty to Count 1 of the Superseding Indictment, and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853, the United States is authorized to seize the following property, and it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

**$25,000.00 in United States Currency.**

2. The forfeited property is to be held by the United States Marshal in its secure custody, or, as may be necessary, the United States Marshal may appoint a substitute custodian, and is authorized to maintain and otherwise provide for the care of the property during the pendency of this action.

3. Pursuant to 21 U.S.C. § 853(n)(1) and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish on the official government internet site, www.forfeiture.gov; notice of this order, notice of the Marshals' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4. As the result of the guilty plea on Count 1 of the Superseding Indictment, Defendant is ordered to forfeit proceeds in the amount of **$150,000.00** in United States currency representing a portion of the proceeds of defendant's criminal activity. This money judgment is joint and several with co-defendant Jose Texco Hillario only in the event Jose Texco Hillario is convicted of Count 1 of the Superseding Indictment and found liable for an amount equal to or greater than $150,000.00.

5. When property is located, it is to be held by the United States Marshal in its secure custody pending resolution of all third-party interests as provided in 21 U.S.C. § 853(n).

6. Pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to defendant, Moises Lopez-Prado, at the time of sentencing and shall be made part of the sentence and included in the judgment. Upon entry of this Order, the United States is authorized to conduct discovery in identifying, locating, or disposing of the asset(s) in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

7. Following the Court's disposition of all petitions filed, or if no such petitions are filed within the time prescribed by law, upon proof of publication and proof of notice to any persons known to have alleged an interest in the property, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee, as provided in Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

8. Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

9. The Court shall retain jurisdiction to enforce this order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 28th day of May, 2013.

_____
ROBERT E. JONES
United States District Judge

Submitted by:

**S. AMANDA MARSHALL, OSB #95347**
United States Attorney

*Thomas H. Edmonds*

**THOMAS H. EDMONDS
KATHERINE C. LORENZ**
Assistant United States Attorneys